■ In the Matter of VERNELL HAGOOD, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 30, 1975 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the New York City Department of Social Services to discontinue a grant of aid to dependent children for petitioner and four children, petitioner appeals from a judgment of the Supreme Court, Kings County, entered December 9, 1975, which dismissed the petition. Judgment affirmed, without costs or disbursements. We do not find the determination of the Commissioner of the New York City Department of Social Services to have been arbitrary or capricious. Accordingly, Special Term properly dismissed the petition herein. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.

■ In the Matter of LINNIDER B & G INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review two determinations made by respondent, as follows: (1) the first dated January 22, 1976, and made after a hearing, cancelled petitioner's special on-premises liquor license and (2) the second, made February 18, 1976, granted petitioner's request for reconsideration of the penalty and, upon reconsideration, adhered to its prior determination. Determinations confirmed and proceeding dismissed on the merits, with costs. In our opinion, the determinations were neither arbitrary nor capricious. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.

■ In the Matter of DANIEL J. MAZZEO, Appellant, v ADELE LEONARD, as Executive Directrix of the Nassau County Civil Service Commission, et al., Respondents.—In a proceeding pursuant to CPLR article 78 *inter alia* to review respondents' determination to disqualify petitioner as a candidate for the position of police patrolman, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated September 9, 1975, which dismissed the proceeding on the merits. Judgment affirmed, without costs or disbursements. Upon the record herein, it cannot be said that the determination was arbitrary, unreasonable or illegal. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.